IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division



| | |
|---|---|
| JARVIS LAW, ) | |
| ) | |
| Petitioner, ) | Criminal Case No. 1:10CR477 |
| v. ) | Civil Action No. 1:12CV719 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

This case is before the Court on the Motion of Jarvis Law ("Petitioner") to Vacate, Set Aside and/or Correct His Sentence Pursuant to Title 28, U.S.C. § 2255.

Beginning in and around January 2007, continuing up through to in and around November 2010, the Petitioner trafficked and sold narcotics, specifically heroin and cocaine, in Prince William County, Virginia. Working with his brother Jamel and others, the Petitioner obtained narcotics in New Jersey, trafficked them to Virginia, and then distributed them through a network in the Eastern District of Virginia and elsewhere for subsequent sale. Using residences in Annandale, Virginia, and Fairfax, Virginia, the Petitioner engaged in other over acts related to this conspiracy to distribute narcotics, such as

cooking powder cocaine into crack cocaine. During the execution of a Court-authorized search of a residence used by the Petitioner on or about September 13, 2010, law enforcement officers recovered a firearm, specifically a nine-millimeter Ruger pistol, that the Petitioner possessed in furtherance of the aforementioned drug trafficking operation.

On December 16, 2010, a federal grand jury indicted the Petitioner and seven others with conspiracy to distribute more than 280 grams of cocaine base and/or 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846 ("Count 1"). The grand jury also indicted the Petitioner for using, carrying, or possessing a firearm in furtherance of a drug trafficking crime, namely that identified in Count 1, in violation of 18 U.S.C. § 924(c) ("Count 2").

On March 17, 2011, the Petitioner pled guilty to Counts 1 and 2 as part of a Plea Agreement. The Petitioner admitted that he had participated in the conspiracy to distribute 280 grams or more of a mixture and substance containing a detectable amount of cocaine base and 100 or more grams of heroin. He also admitted to possessing a firearm in furtherance of drug trafficking on or about September 13, 2010. On June 17, 2011, subsequent to a sentencing hearing, this Court sentenced the Petitioner to 151 months' imprisonment on Count 1 and 60 months'

imprisonment on Count 2, to be served consecutively. The Petitioner did not directly appeal his Plea Agreement or the sentence entered but now petitions this Court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

A prisoner in federal custody who has exhausted his direct appeal may nonetheless attack his sentence on four limited grounds: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentences otherwise subject to collateral attack. 28 U.S.C. § 2255. In this case, the Petitioner's § 2255 Motion alleges that he received constitutionally ineffective assistance of counsel, identifying three distinct forms of alleged ineffective counsel: (1) failure to advise the Petitioner to plead guilty while reserving his right to contest the alleged drug quantity at trial, (2) failure to object to the sentencing Court's "lack of consideration of the § 3553(a) factors in imposing sentence," and (3) failure to advise the Petitioner to enter an "open plea."

Claims of ineffective assistance of counsel are evaluated by the rigorous two-pronged test established by the Supreme Court in Strickland v. Washington. 466 U.S. 668, 687-88 (1984); see

3

also Hill v. Lockhart, 474 U.S. 52 (1985) (extending Strickland test to claims of ineffective assistance of counsel in the context of plea bargaining). The Fourth Circuit has labeled the two prongs of the Strickland test as the "performance prong" and the "prejudice prong." See Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992). "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." Strickland, 466 U.S. at 700.

Strickland's first prong addresses a counsel's professional competence. To meet this standard, a defendant must demonstrate that, in light of all the circumstances as they appeared at the time of the conduct, "counsel's representations fell below an objective standard of reasonableness," as established by "prevailing professional norms." Strickland, 466 U.S. at 687-88. There is a "strong presumption" that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689-90; United States v. Terry, 366 F.3d 312, 316-18 (4th Cir. 2004), cert. denied, 543 U.S. 983 (2004); Matthews v. Evatt, 105 F.3d 907, 919 (4th Cir. 1997), cert. denied, 522 U.S. 833 (1997). For a defendant to overcome this presumption, "the analysis of counsel's performance typically must be comprehensive; i.e., not narrowly limited to a review of

4

counsel's failings." See Strickland, 466 U.S. at 689. The Supreme Court has cautioned that "[e]ven the best criminal defense attorneys would not defend a particular client in the same way." Id. The Court noted in particular that the reasonableness of a counsel's actions often depend on "informed strategic choices made by the defendant and on information supplied by the defendant." Id. at 691.

To satisfy the second prong of the Strickland test, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. Assessing prejudice "requires the court deciding the ineffectiveness claim to 'consider the totality of the evidence before the judge or jury.'" Elmore v. Ozmint, 661 F.3d 783, 858 (4th Cir. 2011) (quoting Strickland, 466 U.S. at 695). Because "[t]he defendant bears the burden of proving Strickland prejudice," if a defendant fails to meet this burden, "a reviewing court need not consider the performance prong." See Strickland, 466 U.S. at 697; Terry, 366 F.3d at 315; Fields, 956 F.2d at 1297; Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983).

None of Petitioner's specific ineffective assistance of

counsel claims satisfy either prong of <u>Strickland</u>'s two-fold test. The Petitioner first claims that counsel failed to advise him "that he could enter a guilty plea to the conspiracy charge, while retaining his ability to proceed to trial on the issue of the threshold drug quantities involved in the offense." The Petitioner is not alleging that counsel failed to inform him of a plea arrangement offered to him by the Government, as was the case in <u>Missouri v. Frye</u>, 132 S. Ct. 1399 (2012); he also does not allege that counsel misadvised him of the consequences of pleading guilty, as was the case in <u>Padilla v. Kentucky</u>, 130 S.Ct. 1473 (2010). Instead, the Petitioner argues that counsel was constitutionally deficient because the Petitioner was not advised to ignore the Government's extended plea offer and instead unilaterally plead guilty to some, but not all of the elements of 21 U.S.C. §§ 841(a)(1) and 846.

The Petitioner is incorrect in claiming that a defendant can both plead guilty and retain his right to a jury trial. "A defendant who enters such a plea simultaneously waives several constitutional rights, including his privilege against compulsory self-incrimination, his right to trial by jury, and his right to confront his accusers." <u>McCarthy v. United States</u>, 394 U.S. 459, 466 (1969) (emphasis added). Federal Rule of Criminal Procedure 11 makes clear that by pleading guilty, the

defendant forfeits his constitutional right to a jury trial. Fed. R. Crim. Proc. 11(b)(C). This forfeiture of the right to a jury trial is so established that "the court must ensure the defendant understands… the important constitutional rights he is waiving, including the right to a trial." United States v. Hyde, 520 U.S. 670, 674 (1997). The Court in this case informed the Petitioner that by pleading guilty, he was giving up his constitutional right to a jury.

The Petitioner suggests that because a defendant can be convicted under 21 U.S.C.§§ 841 and 846 for conspiracy to distribute narcotics without the government proving a specific amount of narcotics, he can plead guilty while retaining his right to a jury trial on the question of whether the conspiracy involved amounts of narcotics sufficiently greater enough to trigger penalty enhancements under 21 U.S.C. § 841(b)(1). That logic does not follow. Under Apprendi v. New Jersey, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 489 (2000). In the case of 21 U.S.C. §§ 841 and 846, a defendant therefore has a right for a jury determination as to the amount of drugs involved in the conspiracy. See United States v. Cotton, 535 U.S. 625, 628 (2002) (extending Apprendi

7

to 21 U.S.C. §§ 841 and 846). By pleading guilty, however, a defendant forfeits this constitutional right under Apprendi. Whether or not the drug quantity is a "true element," as Petitioner refers to it, has no consequence for purposes of the question at hand. A plea of guilty requires a forfeiture of certain constitutional rights, including the right to a jury trial.

To the extent that the Petitioner claims he was not informed by counsel that the Government would have had to prove the charged drug quantities to a jury beyond a reasonable doubt, that alleged oversight, if it occurred, is harmless. Before accepting the Petitioner's plea of guilty, this Court explicitly explained to the Petitioner that in order to convict on these offenses, the Government would have to prove beyond a reasonable doubt that the Petitioner did conspire with others, and that he conspired to distribute 280 grams or more of cocaine base and 100 grams or more of heroin, and that he did so knowingly, willfully, and intentionally. The Petitioner answered that he understood this right. This Court's explicit instruction as to the elements of Count 1 cured any insufficient instruction from Petitioner's counsel.

Moreover, counsel had good reason not to advise his client to challenge the quantity element implicated by 21 U.S.C. §§ 841

8

and 846. Entering such a plea would have led to the Government withdrawing its plea offer, an offer that ultimately reduced the sentence the Petitioner received. At the same time, the Government had more than enough evidence to convince a jury that the Petitioner conspired to traffic cocaine and heroin in quantities that triggered the enhanced penalties of 21 U.S.C. § 841(b)(1). The heart of the Petitioner's claim is that the Government had insufficient evidence to do so, basing this allegation on a claim that at the preliminary hearing, Agent Marolla testified that the Government had no physical evidence to support the "280 or more grams of cocaine base" alleged in the Indictment. Setting aside the fact that a single agent's statement at a preliminary hearing is not indicative of the evidence the Government could have presented to a subsequent jury, Agent Marollo made no such statement as alleged by the Petitioner. Rather, Agent Marollo stated at the preliminary hearing that the Government had conducted controlled buys from the Petitioner's co-conspirators during the course of the investigation, but not in the amounts of 280 or more grams of cocaine base.

Agent Marollo, however, also testified about other evidence relating to the amount of narcotics involved in the charged conspiracy. The Affidavit prepared by Agent Marollo for the

9

Criminal Complaint in this case, and incorporated by him while testifying as a witness in the preliminary hearing, identifies multiple confidential sources who had told law enforcement that they had purchased narcotics from the Petitioner and his co-conspirators or sold narcotics provided to them by the Petitioner during the period in question. The Affidavit also identifies various other individuals who witnessed the Petitioner traffic significant amounts of cocaine and heroin during the period in question.

Neither the Affidavit nor the testimony elicited at the preliminary hearing necessarily comprise the totality of the evidence the Government could have presented at trial. In this case, however, they indicate the strength of the Government's case against the Petitioner. They also indicate the Petitioner's counsel was rational in believing the Government would prove the amount charged at trial and therefore was reasonable in advising his client to take the Government's plea offer. Given the evidence against the Petitioner, counsel gave reasonable advice before Petitioner accepted the Government's plea deal, and the Petitioner was not deprived of any constitutional rights thereby.

The Petitioner's second ineffective-assistance claim is that counsel failed to object to this Court's "lack of consideration

of the § 3553(a) factors in imposing sentence." This Court, however, did in fact consider the required factors under 18 U.S.C. § 3553(a), explaining counsel's failure to object.

The trial Transcript makes clear that the required factors under § 3553 were taken into consideration during sentencing. During the hearing, defense counsel requested the Court allow him to argue the 3553(a) factors, to which the Court agreed. Counsel then offered a variety of arguments in favor of a lower sentence from the recommended guideline range, including difficult aspect of the Petitioner's childhood, his role as a father, and his cooperation with law enforcement during a search of his home. After a statement from the Petitioner, the Court concluded that as to Count 1, the proper guidelines range was 151 to 188 months' incarceration, and considering the factors under Section 3553 and found that a sentence at the low end of the guideline range met the needs of punishment and deterrence in this case. As to Count 2, the Court imposed the mandatory minimum sentence of 60 months' imprisonment.

During the imposition of a sentence, a district court need not "robotically tick through § 3553(a)'s every subsection." United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). Moreover, "[w]hen imposing a sentence within the Guidelines, however, the [district court's] explanation need not be

elaborate or lengthy because guidelines sentences themselves are in many ways tailored to the individual and reflect approximately two decades of close attention to federal Sentencing policy." United States v. Hernandez, 603 F.3d 267, 271 (4th Cir. 2010). The Court made clear that two § 3553(a) factors particularly important were the needs of punishment and deterrence, which counseled against a downward departure from the recommended guidelines range. The Court considered the arguments offered to it by defense counsel and felt they did not warrant a sentence lower than the one imposed. Similarly, because the Court considered § 3553(a) when imposing the Petitioner's sentence, his counsel was not ineffective for failing to raise an objection.

Petitioner's final ineffective-assistance claim alleges that counsel was deficient for advising the Petitioner to enter a Plea Agreement in which he received no benefit or, as Petitioner refers to it, "no *quid pro quo*". The allegation that the Petitioner received no benefit from the Plea Agreement is incorrect. Specifically, the offered and accepted Plea Agreement provided that, in exchange for the Petitioner's guilty plea, the Government would, pursuant to § 3E1.1(a) of the U.S. Sentencing Guidelines, file a motion prior to, or at the time of, sentencing for an additional one-level decrease in the

Petitioner's offense level, as calculated under the guidelines. The Government did in fact file that motion. In addition, the Government agreed not to file an information with the Court pursuant to 21 U.S.C. § 851 addressing the Petitioner's prior conviction for a felony drug offense, and the Government also agreed not to further criminally prosecute the Petitioner in the Eastern District of Virginia for the specific conduct described in the Indictment or Statement Of Facts.

The Petitioner alleges that despite these concessions, he received no benefit from the Plea Agreement. Specifically, he argues that the Government would have been obligated to file a motion for a one-level reduction under U.S.S.G. § 3E1.1(b). The Petitioner claims that, had counsel advised him to enter an "open plea" he would have done so. This approach, according to the Petitioner, would have allowed him to retain certain procedural protections he waived under Section 6 of the Plea Agreement, such as his to right to appeal. The Petitioner does not discuss the other concessions made by the Government, such as those identified above.

Petitioner's argument is largely based on the Fourth Circuit's decision in United States v. Divens, 650 F.3d 343 (4th Cir. 2011). Divens held that, where a defendant had timely pled guilty and signed an "acceptance of responsibility statement,"

13

thereby "admitting his guilt of the charged crime and expressing remorse," the Government was obligated to file a motion for a one-level reduction under U.S.S.G. § 3E1.1(b). Id. Divens, however, was decided subsequent to the Petitioner's own Plea Agreement. At the time of the decision, it was not at all clear that the Government had the obligations identified in Divens. As the Divens opinion itself noted, prior appellate decisions in other circuits had held the Government had no such obligation under U.S.S.G. § 3E1.1(b). See id. at 347 ("We recognize that this holding does not accord with that of other circuits."); see also United States v. Collins, 683 F.3d 697, 705 (6th Cir. 2012); United States v. Deberry, 576 F.3d 708 (7th Cir. 2009); United States v. Johnson, 581 F.3d 994 (9th Cir. 2009); United States v. Beatty, 538 F.3d 8 (1st Cir. 2008); United States v. Newson, 515 F.3d 374 (5th Cir. 2008). At the time of the Petitioner's Plea Agreement, therefore, it was absolutely reasonable for counsel to believe that, without accepting the plea offer, the Petitioner would sacrifice the one-level reduction he ultimately received. An attorney's failure to anticipate changes in the law does not constitute constitutionally ineffective assistance. United States v. McNamara, 74 F.3d 514, 515-17 (4th Cir. 1996) ("[A]n attorney's failure to anticipate a new rule of law was not constitutionally

14

deficient."); Kornahrens v. Evatt, 66 F.3d 1350 (4th Cir. 1995); see also New v. United States, 652 F.3d 949, 952 (8th Cir. 2011) (to same effect).

Moreover, the Petitioner's case is significantly different than the situation in Divens, where the defendant unilaterally pled guilty to the charged offenses. While Petitioner now claims that he would have followed a strategy similar to the Divens defendant upon different advice of counsel, this claim is belied by the Petitioner's own motion currently before this Court; which argues that sound counsel would have demanded a jury determine whether the conspiracy involved quantities triggering the enhanced penalties of 21 U.S.C. § 841(b)(1). Since U.S.S.G. § 3E1.1(b) focuses on the Government "avoid[ing] prepar[ation] for trial and permitting the government and the court to allocate their resources efficiently," such a jury demand would have left the Government unobligated to move for a level reduction under U.S.S.G. § 3E1.1(b). The Petitioner therefore has not made a reasonable showing that he would indeed have entered an "open plea" upon different advice of counsel.

The Petitioner has also failed to show prejudice in other ways. In Divens, the Fourth Circuit vacated the defendant's sentence and remanded the case so that the defendant could receive his one-level reduction under the U.S. Sentencing

15

Guidelines. The Petitioner has already received this reduction, so <u>Divens</u> does not indicate any additional relief to which the Petitioner is entitled. The Petitioner claims that through a different strategy he may have preserved appellate rights that he agreed to waive; he does not, however, indicate how "the result of the proceeding would have been different" had Petitioner had those appellate rights. Preserving appellate rights for the sake of preserving appellate rights is not a different result, unless an appeal would have itself affected the outcome of the proceedings. Therefore, the Petitioner has failed to satisfy <u>Strickland</u>'s prejudice prong.

"Evidentiary hearings on 2255 petitions are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is warranted. An evidentiary hearing 'is not necessary when a [§] 2255 petition (1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case.'" <u>Moreno-Morales v. United States</u>, 334 F.3d 140, 145 (1st Cir. 2003) (quoting <u>United States v. DiCarlo</u>, 575 F.2d 952, 954 (1st Cir. 1978)) (internal citations omitted).

The record demonstrates that an evidentiary hearing in this case would be an unnecessary waste of judicial and litigation resources because the files and records conclusively show that

the Petitioner is not entitled to relief. None of the alleged deficiencies attributed to defense counsel establish with reasonable probability that, but for counsel's alleged errors, the Petitioner would have received a shorter sentence of imprisonment. Even assuming the truth of all the facts alleged by the Petitioner in his Affidavit, he would fail to establish ineffective assistance of counsel under the Sixth Amendment.

For the foregoing reasons, the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence should be denied.

An appropriate Order shall issue.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia
February 12, 2013